### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JOSEPH P. McLAUGHLIN,

      Plaintiff,

-vs-                          Case No. 3:13-cv-1136-J-34MCR

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant.

_____/

## O R D E R

      **THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report

and Recommendation (Doc. No. 27; Report), entered on December 30, 2014.  In the Report,

Magistrate Judge Richardson recommends the Commissioner's denial of Plaintiff Joseph

McLaughlin's application for Supplemental Security Income (SSI) be affirmed.  See Report

at 2.  On January 15, 2015, Plaintiff filed objections to the Magistrate Judge's Report.  See

Objections to Magistrate Judge's Report and Recommendation and Request for Oral

Argument (Doc. No. 29; Objections).  Carolyn W. Colvin, Acting Commissioner of the Social

Security Administration, ("Commissioner"), filed a response to the Objections on February

23, 2015 (Doc. No. 31; Response).  Accordingly, the matter is ripe for review.[1]

---

[1]     In the Objections, Plaintiff requests oral argument.  Upon review of the record, however, the Court determines that oral argument will not assist the Court in this instance.

In the Objections, Plaintiff argues the Magistrate Judge incorrectly recommended the Commissioner's decision be affirmed based on his contention that the Administrative Law Judge's ("ALJ") failed to fully and fairly develop the record.  Specifically, Plaintiff contends the ALJ failed to obtain medical evidence of Plaintiff's premorbid intelligence quotient ("IQ"), which could potentially provide sufficient evidence entitling Plaintiff to receive benefits. See generally Objections.  Plaintiff also contends that a brain injured, pro se claimant functioning at a borderline IQ level should not be held to the same general standard (to produce evidence supporting a disability claim) required of all claimants. Id. at 5.

In response, the Commissioner argues the Court should reject Plaintiff's generalized objections as insufficient to warrant a de novo review of his claim. Response at 2. Additionally, the Commissioner contends that there is no authority supporting Plaintiff's contention that a brain injured, pro se claimant functioning at a borderline IQ level should be excused from the burden of producing sufficient evidence. Id.  In this regard, the Commissioner notes that Plaintiff voluntarily waived his right to counsel. Id. Moreover, the Commissioner argues that Plaintiff presents no evidence to support a conclusion that the ALJ failed to fully develop the record given the absence of any indication that Plaintiff completed premorbid IQ testing prior to the 1996 accident. Id. Further, the Commissioner asserts that even if Plaintiff had produced premorbid testing Plaintiff still would have failed to meet the criteria of Listing 12.02 Organic Mental Disorders ("Listing 12.02"). Id. at 4; 20 C.F.R. § Pt. 404, Subpt. P, App.1.  Finally, the Commissioner argues that Plaintiff did not allege "borderline intellectual functioning as a medically determinable impairment" and even if Plaintiff had made such allegations it would not relieve Plaintiff of the burden to produce

evidence. Id.

In the Report, the Magistrate Judge determined Plaintiff bore the burden of obtaining evidence of the premorbid IQ, and thus found that the ALJ did not err in failing to obtain additional medical evidence. Report at 5-6.  In support of this finding, the Magistrate Judge noted that Plaintiff did not indicate that any evidence existed of premorbid IQ testing nor did Plaintiff attempt to provide medical records in support of this contention. Id. at 6.  The Magistrate Judge also noted that after inquiring whether Plaintiff reviewed his medical evidence and whether additional evidence should be included, the ALJ attempted to obtain records from the locations identified by Plaintiff and his mother, including Shands Medical Center in Live Oak, Shands Medical Center in Gainesville, the Union County Health Department, the Bradford County Health Department, the Bradford County Hospital, and Meridian Behavioral Healthcare. Id.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Preliminarily, the Court notes that while Plaintiff argues that a brain injured, pro se claimant with a borderline IQ of 74 should be exempt from the general requirement of

providing evidence to substantiate a claim of disability, he presents no authority supporting this position. Objections at 1-2. The ALJ's obligation to develop a full and fair record extends to both plaintiffs represented by counsel and plaintiffs appearing pro se. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). However, in circumstances where the plaintiff has not waived the right to representation and nonetheless appears before the ALJ unrepresented, the ALJ's duty to develop a fair and full record rises to a special duty requiring the ALJ "[s]crupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Id. Such is not the case here. Plaintiff appeared before the ALJ and the ALJ advised Plaintiff of his right to be represented by an attorney or nonattorney. Tr. at 41-42. Upon Plaintiff's acknowledgment of this right, he executed a written waiver. Id. Indeed, Plaintiff concedes the ALJ obtained a valid written waiver of counsel. Objections at 1. Accordingly, Plaintiff's pro se status is insufficient to shift the burden of acquiring and presenting proof of disability to the ALJ.

Upon review of the record, the Court finds that although the ALJ did not obtain evidence of Plaintiff's premorbid IQ his actions did not violate the duty to fully and fairly develop the record. Not only did the ALJ inquire into whether additional records existed, but the ALJ subsequently attempted to obtain records from the locations identified by Plaintiff and his mother who attended the hearing with him. In addition, the Court finds Plaintiff failed to meet the burden of producing evidence to support his claim for social security benefits. Thus, the Magistrate Judge correctly recommended the Commissioner's decision be affirmed.

While evaluating a claim for social security benefits, the ALJ has the duty to fully and fairly develop the claimant's medical records; however, the claimant does not escape the responsibility to present evidence to support the claim. Cowart, 662 F.2d at 735; Griffin v. Barnhart, 198 F. App'x 561, 564 (7th Cir. 2006). Indeed, the burden remains on the claimant to prove the disability. McCloud v. Barnhart, 166 F. App'x 410, 418 (11th Cir. 2006). In order to meet the requirements of a listed impairment, "[t]he burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment . . . ." Wilkinson on Behalf of Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Here, the ALJ fully and fairly developed the medical record by specifically requesting that Plaintiff identify the locations where any missing, or additional, records might be obtained, and by subsequently, attempting to obtain those records. Transcript of Social Security Proceedings (Doc. No. 18-2 pp. 42-46; 50; 63; Tr.). In response to this inquiry, Plaintiff stated additional records were available from the following: Shands Medical Center in Live Oak, Shands Medical Center in Gainesville, the Union Country Health Department, the Bradford County Health Department, the Bradford County Hospital, and Meridian Healthcare. Tr. at 43-46. However, despite his efforts, the ALJ was unable to retrieve medical records from any of the locations identified by Plaintiff. Report at 6.

Although, Plaintiff asserts that the Commissioner should have obtained Plaintiff's entire school record, the Court notes that when asked whether additional records existed, Plaintiff did not reference school records or identify his schools as a location where

additional medial records might exist.[2]  Objections at 5; Tr. at 42-46; 50.  Accordingly, the ALJ's duty to fully and fairly develop the record did not extend to the inclusion of school records that Plaintiff failed to introduce or make known to the ALJ.

While the ALJ's responsibility included the duty to fully and fairly the develop Plaintiff's medical record, to satisfy Listing 12.02, Plaintiff bore the burden to produce evidence showing "a loss of measured intellectual ability at least 15 IQ points from premorbid levels." 20 § C.F.R. 12.02(A)(7).  Despite this, Plaintiff failed to suggest the existence of, much less produce any records of, premorbid IQ testing.  Instead, Plaintiff provided a physician report, dated July 18, 1996,  from Mark A. Gold of Southeast Georgia Regional Medical Center, describing Plaintiff's injuries, history, and hospital course. Objections at 3; Doc. No. 18-7 pp. 213-14.  The report fails to include any evidence of Plaintiff's IQ prior to the 1996 accident. Id.  Additionally, Plaintiff provided a Psychological Evaluation, dated January 26, 2001, completed by Anastasia Wells, Ph.D. summarizing Plaintiff's 1998 test results, which includes Plaintiff's Verbal IQ score of 83 and Performance IQ score of 74.[3] Objections at 3-4; Doc No. 18-7 pp. 244-46.  While the Psychological Evaluation provides relevant data to establish Plaintiff's post-accident IQ, Plaintiff failed to provide any evidence of a premorbid IQ that would provide the comparative data necessary to satisfy the listed impairment under Listing 12.02.  As such, Plaintiff has failed to establish

---

[2] Plaintiff provided post-accident school records, dated between 1999-2000, related to speech language, hearing, and vision screening and Seminole County Public Schools Exceptional Student Support Services Program, but these records failed to provide Plaintiff's premorbid IQ.

[3] The Psychological Evaluation served as a re-evaluation prepared for purposes of Union County High School's Exceptional Student Support Services program.

that the ALJ failed to fully and fairly develop the relevant record before adjudicating his request for SSI benefits.

Regardless of the ALJ's inability to obtain Plaintiff's premorbid IQ, Plaintiff is not entitled to a remand because Plaintiff was not prejudiced. Brook v. Astrue, 3:08-CV-265-J-MCR, 2009 WL 2731343, at *11 (M.D. Fla. Aug. 26, 2009). "Generally, the ALJ is charged with developing a full and fair record. However, even when the Court determines the ALJ failed in his duty to fully and fairly develop the record, a plaintiff will only be entitled to a remand upon a showing of prejudice." Id. Here, even if records containing Plaintiff's premorbid IQ had been obtained Plaintiff would still fail to meet the requirements of Listing 12.02. As noted by the Magistrate Judge, Plaintiff's ability to maintain his hygiene, care for his dog, prepare meals, and perform household chores precludes Plaintiff from satisfying Listing 12.02(B). Report at 9-10. Similarly, these abilities combined with Plaintiff's ability to live alone also preclude Plaintiff from falling under a "highly supportive living arrangement" under Listing 12.02(C). Id.; Gonsalves v. Astrue, No. Civ. 09-181-B-W, 2010 WL 1935753, at *4 (D.Me. May 10, 2010). Therefore, Plaintiff is not prejudiced by the ALJ's failure to obtain evidence of a premorbid IQ.

Upon review of the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The request for oral argument set forth in Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Request for Oral Argument is **DENIED**.

2.       Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 29) are **OVERRULED**.

3.       Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 27) is **ADOPTED**, as the opinion of the Court.

4.       The Clerk is directed to enter judgment **AFFIRMING** the Commissioner's decision and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of March, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

i29

Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record

-8-